UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROMEL TORRES DELGADO,

Petitioner,

v. Case No.: 2:26-cv-02842-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.

______________________________/

## OPINION AND ORDER

Before the Court is Romel Torres Delgado's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Torres Delgado is a native and citizen of Peru who entered the United States on May 15, 2024, and surrendered to immigration officials. The Department of Homeland Security (DHS) processed him for expedited removal, but an immigration judge vacated DHS's credible fear determination after finding a reasonable probability he would be persecuted or tortured if he returned to Peru. DHS then paroled Torres Delgado into the country. Torres Delgado submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture. Torres Delgado has employment authorization and maintains steady employment as a carpenter. He has no criminal record whatsoever, and he has attended appointments relating to his asylum application.

On August 17, 2026, Torres Delgado reported to U.S. Citizenship and Immigration Service (USCIS) for his latest asylum appointment. Officers told him he had a 2024 removal order and arrested him. After processing, an officer stated the arrest was a mistake, presumably because an immigration judge vacated DHS's 2024 expedited removal decision. But ICE did not release Torres Delgado. Instead, he was transferred to Glades County Detention Center, where he remains detained. Torres Delgado claims DHS never revoked his parole or charged him with any grounds of removability.

The government has submitted a notice to appear dated August 29, 2026. It contains demonstrably false allegations, including that Torres Delgado is a native and citizen of Venezuela and that he was not admitted or paroled. Also, the certificate of service is blank, so it does not rebut Torres Delgado's claim that he was never charged as removable. The government falsely states that ICE issued a notice to appear on August 17, 2026. The Court reminds the respondents' counsel of his obligations under Federal Rule of Civil Procedure 11.

In his habeas petition, Torres Delgado argues his arrest and detention violated the Due Process Clause of the Fifth Amendment. In response, the government certifies it is detaining Torres Delgado under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by requesting a custody redetermination hearing under 28 C.F.R. § 1003.19. That regulation

allows individuals in immigration detention to request review of custody determinations made under 28 C.F.R. part 1236. But Torres Delgado is not arguing the government made an incorrect initial custody determination. Rather, he claims the government violated the Fifth Amendment by arresting and detaining him based on a mistake and without the process required in 28 C.F.R. part 1236. Exhaustion is not required here because the immigration courts cannot consider Torres Delgado's constitutional claims. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018). As explained below, the government failed to follow proper administrative procedures here, not Torres Delgado.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Torres Delgado the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because Torres Delgado was not in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. In fact, it is undisputed that Torres Delgado has actively engaged with immigration authorities and was arrested when he voluntarily reported to USCIS for an appointment. The government provides no reason for urgency here. Nor does it provide any justification for detention.

The government violated Torres Delgado's right to due process by arresting and detaining him based on an apparent mistake and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Romel Torres Delgado's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Torres Delgado within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record